UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18CR145-PPS |
| | ) | |
| CARLOS RODRIGUEZ | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

In September 2019, Defendant Carlos Rodriguez was sentenced to 84 months after pleading guilty and being convicted of possession with intent to distribute heroin and cocaine within 1000 feet of a school and for possessing a firearm in furtherance of a drug crime. [DE 40.] Rodriguez is asking that I reduce his sentence and grant him compassionate release because the mother of his children has ongoing health problems making her unable to care for them and as a result he is a necessary caregiver. The Government opposes the request. [DE 44.] After due consideration of the briefing and medical records, and for the reasons discussed below, I will deny Rodriguez's Motion for Compassionate Release. [DE 40.]

**Background**

On April 30, 2019, Rodriguez entered a plea of guilty to possession with intent to distribute heroin and cocaine within 1000 feet of a school and for possession of a firearm in furtherance of that drug crime. [*Id.*] I subsequently sentenced Rodriquez to 24 months on the substantive drug crime and the mandatory minimum of 60 months on

the firearm charge, to be served consecutively. [*Id.*] In sentencing him to that term, I departed downward from the applicable guideline range, in part because I recognized Rodriguez's difficult family circumstances. Specifically, two of the four children he raised with his partner have special needs and heightened medical needs. Rodriguez argues that he should receive a sentence reduction on account of his partner's deteriorating health issues. Specifically, she has worsening knee pain from arthritis and vertigo. [DE 44 at 1.] These have made working and driving difficult for her, all of which impacts her ability to care for the couple's children.

## Discussion

Compassionate release is "an extraordinary and rare event." *United States v. Mangarella*, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020). It is governed by 18 U.S.C. § 3582, which was recently amended by the First Step Act of 2018. The statute contains two general requirements: (1) an exhaustion requirement, by which individual inmates must first seek relief from the Bureau of Prisons or the Warden at their institution before going to court; and (2) a substantive requirement, which contains numerous elements that I must consider prior to granting compassionate release. 18 U.S.C. § 3582. It is the movant's burden to prove that a sentence reduction based on compassionate release is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Rodriguez sufficiently exhausted his administrative remedies and the matter is now properly before me. The only issue is whether "extraordinary and compelling reasons" for compassionate release exist. Usually, to answer this question, I must consider the sentencing "factors set forth in section 3553(a) to the extent they are applicable" as well as any pertinent policy statements from the U.S. Sentencing Commission. *See* 18 U.S.C. §3582(c)(1)(A)(i). The §3553(a) factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and (3) the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. §3553(a).

Here, I need not delve into the Section 3553(a) factors because setting those aside, there are not "extraordinary and compelling reasons [that] warrant" a reduction in sentence "consistent with the applicable policy statements issued by the Sentencing Commission" in this case. §3582(c)(1)(A). The relevant policy statement is set forth in USSG §1B1.13 where one of the subsections specifically deals with "Family Circumstances." It provides for two situations which may constitute extraordinary and compelling reasons: (1) death or incapacitation of the caregiver of the defendant's minor child or children; (2) the incapacitation of the defendant's spouse or partner when the defendant would be their only caregiver. USSG §1B1.13 cmt. n.1.

I am sympathetic to the plight of Mr. Rodriguez and his family. That is one reason that I gave him a sentence below what was called for by the guidelines. They no doubt face challenges, even beyond those normally experienced by families in which one member is incarcerated. But a sentence reduction at this stage (Rodriguez has not even served half of his sentence) requires more than that. His partner, who is the primary caregiver for their minor children, has not passed away. While she is having serious ongoing health problems, they are not sudden or new and she is not incapacitated as a result. Furthermore, Rodriguez has an adult daughter who appears to be providing some childcare for the minor children. In sum, regrettably, the situation Mr. Rodriquez and his family faces does not meet the high bar required for compassionate release.

## Conclusion

For the foregoing reasons, Carlos Rodriguez's Motion for Compassionate Release [DE 66] is DENIED. In his original motion, Rodriguez also sought appointment of counsel to handle this motion. Because it is evident that there is not a sufficient factual basis to grant the motion and Mr. Rodriguez was able to adequately present his case without counsel, I will likewise DENY that request.

SO ORDERED.

ENTERED: September 21, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT